FJN:NDB/RMP
F. #2022R00883/NY-NYE-865

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

       -against-

GORAN GOGIC,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

<u>STIPULATION & PROTECTIVE ORDER</u>

22 CR 493 (ARR)

        IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

        1.     All material and information disclosed or produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure, pursuant to 18 U.S.C. § 3500, and/or pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), to the defendant GORAN GOGIC (the "Defendant"), Defense Counsel (as defined below), and Defense Counsel's Team (as defined below) by the government in the above-captioned case (hereinafter, the "Discovery Materials") shall be governed by this protective order (the "Protective Order").

        2.     "Defense Counsel" is defined as an attorney who has filed a notice of appearance on behalf of the Defendant and is admitted to practice in the Eastern District of New York ("EDNY"), or who was admitted to the EDNY <u>pro hac vice</u> to represent the Defendant. "Defense Counsel's Team" is defined as an attorney employed by Defense Counsel's law firm or organization who is assigned to assist in the preparation of the defense. Defense Counsel's Team also includes paralegals, investigators, translators, litigation support personnel,

and secretarial staff employed by Defense Counsel's law firm or organization who are assigned to assist in the preparation of the defense. Defense Counsel's Team also includes those persons who are formally engaged to assist in the preparation of the defense, including Expert Witnesses.[1] Foreign attorneys and nationals are <u>not</u> considered part of Defense Counsel's Team. Defense Counsel may request approval from the Court for foreign attorneys and nationals to be considered part of Defense Counsel's Team under this Protective Order. Defense Counsel shall provide Firewall Counsel[2] for the government with the name of any such foreign attorney or national prior to its request for Court approval, and Firewall Counsel shall be provided the opportunity to respond to the Court prior to approval.

   3. Discovery Materials, however designated, and any and all copies, notes, transcripts, documents, and other information and materials derived or prepared from the Discovery Materials, may be used by the Defendant, Defense Counsel, and Defense Counsel's Team only for the purposes of defending against the charge in the above-captioned case, including but not limited to preparation for trial and any sentencing, appeal, or collateral attack, which was commenced within one year of the exhaustion of the Defendant's appellate rights, involving the charges in the above-captioned case.

   4. Except as otherwise provided in this Protective Order, any and all Discovery Materials disclosed or produced to the Defendant and/or Defense Counsel by the government, and

---

[1] An "Expert Witness" is defined as a person who has been retained by Defense Counsel to offer testimony at trial pursuant to Federal Rule of Evidence 702. Prospective expert witnesses are discussed in paragraph 6, note 3 herein.

[2] The government will appoint "Firewall Counsel" and provide contact information for Firewall Counsel on the public docket for this matter within 30 days of receiving notification from Defense Counsel of any proposed foreign attorney or national whom Defense Counsel wishes be considered part of Defense Counsel's Team under this Protective Order.

any copies, notes, transcripts, documents, and other information and materials derived or prepared from the Discovery Materials, shall not be further disclosed, disseminated, or discussed by the Defendant, Defense Counsel, or Defense Counsel's Team to, or with, any individuals, organizations, or other entities.

5.      None of the Discovery Materials, nor any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Discovery Materials, shall be disseminated to, or discussed with, the media in any form.  Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding.

6.      When negotiating with a Prospective Expert Witness[3] in anticipation of engaging that person to assist in the preparation of the defense, Defense Counsel, or any defense investigator or paralegal who is part of Defense Counsel's Team, may show (but not provide) Discovery Materials to the Prospective Expert Witness, if it is determined that it is necessary to do so for the purpose of engaging the expert or preparing the defense of the case.  Each Prospective Expert Witness to whom disclosure of Discovery Materials is made shall be provided a copy of this Protective Order by Defense Counsel and will be advised by Defense Counsel that he or she shall not further disseminate the Discovery Materials, except at the express direction of Defense Counsel and in accordance with the terms of this Protective Order.  Defense Counsel shall have the Prospective Expert Witness sign the acknowledgement form, appended as Attachment A,

---

[3] A "Prospective Expert Witness" is defined as a person who potentially may offer expert testimony at trial or who otherwise will provide scientific, technical or other specialized knowledge to Defense Counsel that is necessary to the preparation of the defense pursuant to Federal Rule of Evidence 702.  A "Prospective Expert Witness" does not include potential fact witnesses, investigators or any person who is not qualified to offer testimony regarding scientific, technical or other specialized knowledge under Rule 702.

affirming that he or she understands the terms of the Protective Order and the consequences of violating the Protective Order prior to reviewing any of the Discovery Materials. Defense Counsel shall keep an accounting of the pages of the Discovery Materials shown to Prospective Expert Witnesses.

7.    Should Defense Counsel wish to have persons not part of Defense Counsel's Team, other than the Defendant and/or Prospective Expert Witnesses, view copies of the Discovery Materials for the purposes of assisting in the defense of this case, Defense Counsel shall submit the names of such persons (collectively, "Approved Persons") to the Court for approval prior to their viewing of the Discovery Materials. Defense Counsel shall provide Firewall Counsel for the government with the names of Approved Persons prior to its request for Court approval, and Firewall Counsel shall be provided the opportunity to respond to the Court prior to approval. An Approved Person shall:

a. appear before the Court so that the Court may instruct the Approved Person as to the provisions of the Protective Order and the ramifications of any violation of the Protective Order;

b. sign the acknowledgement form described in paragraph 6, above, prior to viewing the Discovery Materials;

c. view the Discovery Materials only in the presence of Defense Counsel. Defense Counsel shall keep an accounting of the pages of the Discovery Materials provided to the Approved Person and ensure that all pages of the Discovery Materials remain in the custody of Defense Counsel or Defense Counsel's Team; and

d. not retain custody of any of the Discovery Materials.

4

8.    The Discovery Materials may not be removed from the United States.  This prohibition precludes the Discovery Materials from being emailed or transferred electronically, or otherwise being disseminated in any other format or by any other means, to persons located outside the United States.

9.    If the Defendant obtains substitute counsel, the Defendant, Defense Counsel, and Defense Counsel's Team will not transfer any portion of the Discovery Materials or any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Discovery Materials unless and until such substitute counsel becomes counsel of record, has been provided a copy of this Protective Order, signs this Protective Order, and provides a signed copy to the government.

10.    The Defendant may review Discovery Materials specifically identified by the government as sensitive discovery material (the "Sensitive Discovery Material"), only in the presence of Defense Counsel or Defense Counsel's Team.  The Defendant is prohibited from having possession, custody, or control of the Sensitive Discovery Material, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Sensitive Discovery Material.

11.    The Defendant, Defense Counsel, and Defense Counsel's Team shall not obtain or create any copies of the Sensitive Discovery Material for disclosure or dissemination to any person other than Defense Counsel and Defense Counsel's Team.

12.    If Defense Counsel chooses to share the Sensitive Discovery Material with the Defendant, a witness and/or a witness's counsel, that Sensitive Discovery Material must be shared in the presence of Defense Counsel or Defense Counsel's Team.

13.    All Discovery Material specifically identified by the government as material designated for "ATTORNEYS' EYES ONLY" (the "Attorneys' Eyes Only Material") shall be treated as if it had been designated as Sensitive Discovery Material with the additional limitations discussed in paragraph 14 below.

14.    Attorneys' Eyes Only Material may be reviewed only by Defense Counsel and Defense Counsel's Team.  Attorneys' Eyes Only Material may not be disseminated to or reviewed by any other person, including the Defendant.

15.    Any documents, material, or information may be designated as Sensitive Discovery Material only upon a good-faith belief by the government that such materials contain: identifying information for any potential witness, victim or individual not a party to this litigation; sensitive information of a victim or of a witness; law enforcement sensitive information; information that could implicate the safety of others; information that could impede an ongoing law enforcement investigation; and/or any other information that the government deems in need of heightened protection under this Protective Order.  If the government and Defense Counsel do not agree that certain material should be designated as Sensitive Discovery Material, the Defendant may provide notice to the government and a reasoned explanation regarding why the Defendant does not believe the materials require treatment as Sensitive Discovery Material.  To the extent the parties do not agree, the government may make an application to the Court and seek to establish good cause regarding why the material should be treated as Sensitive Discovery Material.  The Defendant, Defense Counsel, and Defense Counsel's Team shall treat the material as Sensitive Discovery Material pending any determination by the Court.

16.    Any documents, material, or information may be designated Attorneys' Eyes Only Material only upon a good-faith belief by the government that designation as Sensitive

Case 1:22-cr-00493-ARR    Document 26    Filed 09/20/23    Page 7 of 10 PageID #: 126

Discovery Material provides insufficient protection to such materials.  If the government and Defense Counsel do not agree that certain material should be designated as Attorneys' Eyes Only, Defense Counsel may provide notice to the government and a reasoned explanation regarding why Defense Counsel does not believe the materials require treatment as Attorneys' Eyes Only Material. To the extent the parties do not agree, the government may make an application to the Court and seek to establish good cause regarding why the material should be treated as Attorneys' Eyes Only Material.  The Defendant, Defense Counsel, and Defense Counsel's Team shall treat the material as Attorneys' Eyes Only Material pending any determination by the Court.

17.    Any documents, material, or information determined to be Sensitive Discovery Material or Attorneys' Eyes Only Material may be so designated by stamping the legend "SENSITIVE" or "SENSITIVE-ATTORNEYS' EYES ONLY," respectively, on the document or by otherwise indicating to Defense Counsel the appropriate designation of the material or information.  While each page of a sensitive document and its attachments may be marked, it shall be assumed that a sensitive designation on the first page of a document indicates the same sensitive designation for the entire document and its attachments, unless otherwise noted.  Where electronic files or documents are produced in a format that makes stamping impractical, such files and documents may be designated by appending to the media on which such a file or documents are produced, file name, or to the electronic folder in which the file is located, information indicating that the file contains Sensitive or Sensitive-Attorneys' Eyes Only material.

18.    Absent prior agreement of the government or permission from the Court, Sensitive Discovery Material or Attorneys' Eyes Only Material shall not be included in any public filing with the Court, and instead shall be submitted under seal.  This restriction does not apply to documents that are or become part of the public domain (other than through a violation of the

Protective Order) or the public court record, including documents that have been received in evidence at other trials, except witness statements produced pursuant to § 3500, even if available in the public domain or the public court record, shall not be included in public court filings, absent prior agreement of the government or permission from the Court.

19.    The Defendant, Defense Counsel, and Defense Counsel's Team will return to the government or securely destroy the Discovery Materials, the Sensitive Discovery Material, the Attorneys' Eyes Only Material, and all copies thereof, whether in the possession of the Defendant, Defense Counsel, Defense Counsel's Team or any other signatory to Attachment A to this Protective Order, when the Defendant concludes all efforts to defend against the charges in the above-captioned case and any superseding indictment, including but not limited to preparing for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendant's appellate rights, involving the charges in the above-captioned case.

20.    Nothing in this Protective Order shall preclude the government or the Defendant from seeking a further order pursuant to Rule 16(d) as to particular items of the Discovery Materials.

21.    Nothing in this Protective Order in any way releases counsel for the government or Defense Counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York.

22.    In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

23.    This Court shall retain jurisdiction over all persons subject to this Order to

the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any

contempt thereof.

Dated: September __, 2023
       Brooklyn, New York

BREON PEACE
United States Attorney
Eastern District of New York

/s/
Sanford Talkin, Joseph Corozzo, Jr.
Attorneys for Goran Gogic

/S/ Sanford Talkin

By: /s/
    Nomi D. Berenson
    Robert M. Pollack
    Assistant United States Attorneys

SO ORDERED.

Date: 9 / 20 , 2023

/s/(ARR)

THE HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

9

**Attachment A to Protective Order**

I have read the attached Protective Order in the matter <u>United States v. Rohan Sucki</u>, No. 23-CR-329 (NGG), and, by my signature below, agree to be bound by its terms.

| Printed Name | Signature |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |