

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

FJN:NDB/KPO
F. #2022R00883

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 7, 2025

<u>By ECF</u>

The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  United States v. Goran Gogic
> <u>Criminal Docket No. 22-493 (JMA)</u>

Dear Judge Azrack:

The government is in receipt of the transcript from yesterday's pretrial conference, which contains the Court's rulings on various motions. The Court granted one of the government's motions in limine and ruled that it "will admit evidence of uncharged drug trafficking as direct evidence, inextricably intertwined with the charged conspiracy, and/or it's admissible as other crimes, wrongs or acts under 404(b)." Nov. 6, 2025 Tr. at 3:15-18. The Court further stated that the government is "permitted to introduce evidence about defendant's uncharged drug trafficking during the relevant time period as direct evidence of the conspiracy" as well as "[u]ncharged drug trafficking acts that are <u>after</u> the charged conspiracy may be admissible as other acts evidence for purposes other than proving propensity, such as to show the defendant's plan, intent, knowledge, opportunity, identity, or to corroborate testimony after impeachment." Tr. at 3:18-4:4 (emphasis added).

The government respectfully seeks clarification that uncharged drug trafficking acts <u>outside</u> of (either before or after) the charged conspiracy may be admissible as other acts for purposes other than showing propensity, such as to show the defendant's plan, intent, knowledge, opportunity, identity, or to corroborate testimony after impeachment. The government previously moved to admit evidence of the defendant's prior and subsequent drug trafficking with co-conspirators leading up to and following the charged period. <u>See</u> ECF No. 96 p. 13-17. Courts have held that distribution of controlled substances before the charged conspiracy is probative of whether the defendant had the knowledge, motive, and intent to import and distribute a controlled substance on the particular occasion charged. <u>See e.g.</u>, <u>United States v. Thompson</u>, 690 F. App'x 302, 308 (6th Cir. 2017).

Accordingly, the government seeks clarification that conduct that occurred both before and after the charged conduct may be admissible for the above-described purposes.

Additionally, the government writes to clarify its statement yesterday regarding Sky evidence. When asked whether it intended to introduce Sky, the government stated that it will not introduce "Sky threads" by which the government meant it will not introduce Sky communications received from the European law enforcement operation that was the subject of motion in limine practice. However, the government intends to introduce content from Sky chats that were captured in the United States by federal agents with the consent of one of the parties to the chat. These chats were not the subject of motion practice.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:     /s/ Katherine P. Onyshko
Katherine P. Onyshko
Francisco J. Navarro
Assistant U.S. Attorneys
(718) 254-7000

cc:     Clerk of Court (JMA)
Defense Counsel

2